**INNER SUNSET ACTION COMMITTEE et al., Plaintiffs-Appellants,**

v.

**Joseph A. CALIFANO, Jr., et al., Defendants-Appellees.**

**No. 76–3410.**

United States Court of Appeals, Ninth Circuit.

March 10, 1978.

Robert S. Baker, San Francisco, Cal., for plaintiffs-appellants.

John F. Cooney, Jr., Asst. U. S. Atty., San Francisco, Cal., for defendants-appellees.

Before CARTER and TRASK, Circuit Judges, and BURNS,* District Judge.

PER CURIAM:

The plaintiffs-appellants, Inner Sunset Action Committee and Mount-Sutro Defense Committee appeal to this court from an order of the District Court entered August 13, 1976, denying their motion for a preliminary injunction against F. David Mathews (now Joseph A. Califano, Jr.), Secretary of the Department of Health, Education and Welfare (HEW). The motion named not only the Secretary but also the Regents of the University of California, the President of the University, David S. Saxon, and Chancellor Francis A. Sooy of the University of California, San Francisco Campus (state defendants). The state defendants were dismissed from the action on July 16, 1976, by the state court.

The state defendants had sought to construct a badly needed dentistry building on the campus of the University of California at San Francisco (UCSF). One-half of the funds required for the project were to be obtained from state sources, and the remainder from the United States through the office of HEW and the National Manpower Training Act of 1971. The grounds upon which the injunction was sought was that HEW had not prepared and submitted an Environmental Impact Statement (EIS) as required under the National Environmental Policy Act, NEPA, 42 U.S.C. § 4321 *et seq.*

UCSF campus provides facilities for four major academic professional schools: The

---

* Honorable James M. Burns, United States District Judge, for the District of Oregon, sitting by designation.

School of Nursing; the School of Pharmacy; the Medical School; and the School of Dentistry. Together they constitute the University of California Medical Center at San Francisco. It is located at the head of Market Street in the approximate center of the city in a predominantly residential area. The School of Dentistry as proposed would be a four-story structure containing some 68,000 square feet of usable space. As originally projected it will cost approximately 15 million dollars, about nine million of which would come from a federal grant and the balance from state funds. Because the land area for the new building is now owned by the University and occupied by offices of the school no relocation of people will be required.

This controversy began when concerned citizens in the area opposed the construction upon the ground that it would impose financial and environmental hardships upon the surrounding neighborhoods and their inhabitants.

Litigation of the problem was commenced on October 23, 1974, by the filing of a complaint in the Superior Court of the City and County of San Francisco entitled *Mount-Sutro Defense Committee v. Regents of the University of California, and Francis A. Sooy, Chancellor of the University*. In addition to the first named plaintiff, there were several other citizen groups (including the Inner Sunset Action Committee) and individual residents and property owners of the area. That complaint alleged that the School of Dentistry Environmental Impact Report (EIR) was not in compliance with the California Environmental Quality Act (CEQA) and therefore construction should be enjoined.

On December 16, 1975, the state court enjoined the defendants from taking any steps toward completion of their project until further order of the court and until the University had completed certain specific steps. These steps were essentially that the University defendants conduct a searching re-review of the environmental consequences of the project.

Following completion of the re-review of the project and its possible effect if constructed, the matter was heard again by the state court on April 9, 1976, and based upon the evidence submitted, the court found that the University was in compliance with the CEQA, as amended, and that the defendants were entitled to an order vacating the injunction previously entered. Such an order was thereupon entered.[1]

The present action in the United States District Court by essentially the same plaintiffs and against the same defendants was commenced on April 21, 1976, by the filing of a complaint seeking injunctive and declaratory relief. In it the plaintiffs requested relief against HEW and its secretary, Mr. Califano, as follows:

a. A judgment declaring that HEW had violated the Comprehensive Health and National Manpower Training Act of 1971, 42 U.S.C. § 293 *et seq.*, and the HEW General Administration Manual in approving the project and its funding.

b. That HEW and its Secretary be enjoined from making any funds available for construction of the project and other injunctive relief designed to stop the project until compliance with the general statutes cited above, principally NEPA.

c. As against the state defendants, that they be declared in violation of the CEQA in approving the final EIR and that they be enjoined from accepting funding.

We find that jurisdiction clearly existed under the claim of violation of NEPA, 42 U.S.C. §§ 4321 *et seq.*, and particularly the claimed failure to file a sufficient EIS.

The appellants filed their action in federal court twelve days after the injunction in the state action was vacated. The principal allegation was that HEW had not prepared an EIS for the project as required by the NEPA. Instead, HEW, on April 1, 1974, prepared a four-page Marginal Impact Statement (MIS) asserting that a full EIS would not be required under NEPA.

1. Appeal was taken to the California District Court of Appeals and thence to the Supreme Court of California but relief was denied in both instances.

In May 1974, UCSF released a 400-page draft EIR (not a part of the record here) under the California act which was certified by the Regents as the final report on the School of Dentistry. Shortly thereafter an action was filed in the Superior Court of the City and County of San Francisco challenging the validity of the report and its manner of circulation under California statutes. The state judge on December 17, 1975, enjoined further activities on the project until certain changes were made in the EIR. The changes were made and on April 9, 1976, the state court vacated the injunction.

In their complaint before the federal district court the appellants also charged that the state defendants acted in violation of the CEQA, in approving the final EIR for the project and that they be enjoined from commencing construction until the said defendants shall have complied with the requirements of CEQA and NEPA.

In note 5 of "Points & Authorities in Support of Motion to Dismiss," filed in the United States District Court seeking dismissal of the asserted pendent state claims against the state defendants, it is said:

> "[5] It should be noted that the School of Dentistry EIR is some 650 pages long, including exhibits, took approximately ten months to prepare, and cost the University some $75,000 (excluding the substantial time of its own staff). As mentioned *supra*, plaintiffs in the state court litigation, a majority of whom are plaintiffs here, after raising the substantive adequacy of the EIR in their complaint, abandoned their challenge to the adequacy of the EIR that was prepared." C.T. at 78 n.5.

Although the document itself appears to be misplaced, the accuracy of the statement does not appear to have been challenged. The document when found, will no doubt be brought to the attention of the District Court in the trial on the merits of the claim for a permanent injunction.

We are reminded that this is an appeal from the District Court's denial of a petition for a temporary injunction. The trial of the merits of the injunction proceeding may or may not be forthcoming. If it is tried, there are evidentiary materials that may well be decisive of the basic issues.[2] We do not comment on those items except to point out that on the basis of the trial court's Findings of Fact and Conclusions of Law, the trial court was justified in denying the preliminary injunction.

The decision to grant or to refuse a preliminary injunction lies within the District Court's sound exercise of its discretion.

> "Among the factors to be weighed in determining the propriety of a preliminary injunction are the probability of ultimate success on the merits, the relative importance of the rights asserted, the nature of the acts to be enjoined, the hardship to each party that would result *pendente lite* from granting or denying interlocutory relief, and the public interest." (Citation omitted) *Friends of the Earth, Inc. v. Coleman*, 518 F.2d 323, 327 (9th Cir. 1975).

We have given consideration to those factors and find that they weigh heavily in favor of the appellees.

The decision of the state court and the judgment of the District Court in this action give little indication of the ultimate success of the appellants. We cannot say that on the present state of the record and measured by existing criteria that the court's ruling constituted an abuse of discretion or that the court incorrectly applied the law. *Federal Trade Commission v. Simeon Management Corp.*, 532 F.2d 708 (9th Cir. 1976).

The judgment of the District Court is affirmed and the case is remanded to the District Court for trial on the merits.

On February 28, 1977, the appellants filed a motion for an injunction during the pendency of their appeal to this court. This

---

**2.** The issues of limitations and laches and the evidence that was produced at this hearing on those defenses has not been commented upon. Treatment of those issues will be undertaken after the evidence is in on the claim for a permanent injunction.

action was taken after their appeal had been perfected and after appellants had filed their brief in support of their appeal. Their stated reason for not filing in the District Court is that an application to the District Court "was not practicable." Appellants say:

"Because the District Court found that the equities favored defendants (see Findings of Fact, ¶¶ 7–14 and 17), it would not have been practicable to bring this Motion before the District Court."

In the light of what we have just said in our opinion affirming the judgment of the District Court, we deny the motion.

So Ordered.